UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THIS, LLC, | |
| *Plaintiff*, | Civil No. 3:15CV1606 (JBA) |
| *v.* | |
| JACCARD CORPORATION, | |
| *Defendant*. | April 26, 2016 |

**RULING GRANTING DEFENDANT'S MOTION TO STAY**

In this action, Plaintiff This, LLC ("TLLC") alleges state and federal trademark and copyright violations, unfair competition under Connecticut common law, common law unjust enrichment and conversion, and unfair trade practices under Connecticut statute. Defendant Jaccard Corporation ("Jaccard") moves [Doc. # 17] to transfer this case to the United States District Court for the Western District of New York ("WDNY") pursuant to 28 U.S.C. § 1404(a), or to dismiss, transfer, or stay the case under the "first-filed rule." Defendant also moves to dismiss Plaintiff's claims for copyright infringement (Count Five), trademark dilution (Count Seven), and conversion (Count Eleven). For the following reasons, Jaccard's motion to stay this case is granted to permit the WDNY to rule on the applicability of the first-filed rule.[1]

**I.     Background**

TLLC is a limited liability company organized under Connecticut laws, with its principal place of business in Madison, Connecticut. (Compl. [Doc. # 1] ¶ 6.) For nearly sixteen years, it has manufactured, distributed, and offered for sale and sold "unique

---

[1] As such, the Court does not reach Defendant's motion to dismiss counts Five, Seven, and Eleven.

novelty items . . . [including] wooden cooking skewers for roasting products (e.g., marshmallows or hotdogs) over an open fire or fire place (the 'TLLC Products') in interstate, intrastate and international commerce under and in connection with its SMORSTIX trademark." (*Id.* ¶ 9.) These products include: SMORSTIX, SMORPAK, THE PERFECT MARSHMALLOW ROASTING STIX, EVERYTHING BUT THE CAMPFIRE, SMORNAMENT, SMORBOX, and SMORBAR. (*Id.* ¶ 21.)

Jaccard is a New York Corporation with its principal place of business in Rochester, New York. (*Id.* ¶ 7.) It "manufactur[s], distribut[es], market[s], offer[s] for sale and sells home, kitchen and recreational specialty products on both a national and international level," including what Plaintiff describes as "counterfeit and infringing packaged wooden skewers" that have "identical dimensions and configurations to those of the TLLC Products" with "confusingly similar name[d] 'S'MORESFIRESTIX' and 'S'MORESGLOSTIX.'" (*Id.* ¶ 39.)

On April 23, 2015, counsel for TLLC sent Jaccard a cease-and-desist letter advising Defendant that TLLC was "the owner of an extensive portfolio of valuable registered trademarks ('the Marks')" from which it had acquired substantial goodwill, and that it had learned that Jaccard was "marketing, promoting and selling virtually identical roasting sticks under . . . confusingly similar names," with images of the infringing products attached to the letter. (April 23 Ltr., Ex. R to Compl. at 122–24.) It further stated that "Jaccard's unauthorized use of the TLLCIP on or in connection with its manufacture, distribution, marketing, offering for sale and sale of the Infringing Products constitute[d] willful and intentional infringement of TLLC's valuable rights in and to the TLLCIP" that was "causing confusion in the marketplace and leading customers to erroneously believe

2

that Jaccard and its Infringing Products are in some way sponsored, approved or otherwise affiliated with TLLC," and that this conduct violated a variety of federal laws as well as "common law trademark infringement, unfair competition and copyright infringement." (*Id.* at 123.) TLLC demanded that Jaccard:

1. Cease and desist any and all use of the TLLCIP or any confusingly similar marks, logos, names, or unauthorized derivatives thereof on or in connection with the manufacture, marketing, distribution, offer for sale or sale of the Infringing Products in the United States, Canada and throughout the world.
2. Provide [TLLC's] office with a complete written accounting of all past and current sales to date in connection with Infringing Products.
3. Provide [TLLC's] office with a complete written accounting of all Infringing Products remaining in inventory or in transit from your suppliers.
4. Provide [TLLC's] office with identification and contact information of each and every supplier, distributor, and/or manufacturer from whom you obtained any and all materials, products and/or merchandise relating to the Infringing Products.
5. Provide this office with the identification and contact information of each and every distributor and/or merchant to whom you supplied, sold or otherwise enabled such individual or entity to distribute, market, offer for sale or sell the infringing products.

(*Id.* at 124.) TLLC also informed Jaccard that it was "fully prepared to pursue its civil remedies in this matter, but [wa]s presently amenable to reaching a resolution without the need for litigation, provided that Jaccard fully cooperate[d] with each of the above referenced demands within five (5) business days from the date of the document." (*Id.*)

On April 27, 2015, four days after receipt of this letter, Jaccard filed a Declaratory Judgment Complaint in the WDNY. *See Jaccard Corporation v. This LLC*, 15-cv-06248 (W.D.N.Y.). The following day, Jaccard's counsel emailed Plaintiff's counsel, confirming receipt of the cease-and-desist letter and indicating an interest in "discuss[ing] this matter

. . . at [Plaintiff's] convenience." (Email Correspondence, Ex. T to Compl. at 158.) On May 1, 2015, Plaintiff demanded that Jaccard withdraw its declaratory judgment action and "engage TLLC . . . in good faith settlement discussions" (May 1, 2015 Ltr., Ex. U to Compl. at 162), to which Jaccard responded by indicating a "willing[ness] to discuss an amicable resolution of this dispute" (May 6, 2015 Ltr., Ex. V to Pl.'s Compl. at 165). The parties appear to have engaged in on-and-off settlement negotiations without success.

Several months later, on November 4, 2015, TLLC filed this action and moved [Doc. # 3] for a Temporary Restraining Order and Order to Show Cause for Preliminary Injunction.[2] The next day, TLLC filed a motion [Doc. # 9] in the WDNY action to dismiss or transfer that action to this Court. On November 30, 2015, Jaccard moved in this action to dismiss, stay, or transfer TLLC's complaint to the WDNY. These dueling motions remain pending in the respective districts.

**II. Discussion**

"As a general rule, where there are two competing lawsuits, the first suit should have priority." *Employers Ins. of Wausau v. Fox Entm't Grp.*, Inc., 522 F.3d 271, 274–75 (2d Cir. 2008); *Schnabel v. Ramsey Quantitative Sys., Inc.*, 322 F. Supp. 2d 505, 509–10 (S.D.N.Y. 2004) ("Courts in this Circuit adhere to the first filed rule: 'Where two courts have concurrent jurisdiction over an action involving the same parties and issues, courts will follow a "first filed" rule whereby the court which first has possession of the action

---

[2] During a telephonic conference held on the record on November 9, 2015, this Court denied Plaintiff's motion for a temporary injunction due to the "absence of any showing of some immediate circumstance of irreparable injury beyond the alleged ongoing infringing conduct known to Plaintiff since March 2015," but granted its application for an order to show cause. (Order to Show Cause [Doc. # 14] at 1.)

decides it.'" (quoting *Clarendon Nat'l Ins. Co. v. Pascual*, 99 Civ. 10840, 2000 WL 270862 at *7 (S.D.N.Y. Mar. 13, 2000)). "This rule embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum," although it does not constitute an "invariable mandate" but a "presumption that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Employers Ins. of Wausau*, 522 F.3d at 275.

Preliminarily, however, it must be determined "*which court* should grapple with the issue of *where* the case should proceed." *MSK Ins., Ltd. v. Employers Reinsurance Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002). Courts in this Circuit have held that "the court before which the first-filed action was brought determines which forum should hear the case." *Id.* (collecting cases); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 723 (2d Cir. 2010) ("While the decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion, normally sound judicial discretion dictates that the second court decline its consideration of the action before it until the prior action before the first court is terminated." (internal quotation marks and alterations omitted)); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 n.2 (S.D.N.Y. 2001) ("The court in which the first-filed case was brought decides whether the first-filed rule or an exception to the first-filed rule applies."); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 557 (S.D.N.Y. 2000) ("Indeed, it is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies.").

Given that both courts with the same parties' respective actions have jurisdiction and the issues are the same although presented in different modes (declaratory judgment action versus direct action), the Court declines to consider the pending substantive motions and grants Defendant's motion to stay this action to permit the Honorable David G. Larimer to decide whether the first-filed rule should be followed or whether TLLC has rebutted the rule's presumptive force by showing a balance of convenience or other special circumstances such that the second-filed action's chosen forum should prevail as the forum for the parties' dispute. *Employers Ins. of Wausau*, 522 F.3d at 274–75 (recognizing "balance of convenience" and certain "special circumstances" as two exceptions to the general presumption that "where there are two competing lawsuits, the first should have priority.").

### III.   Conclusion

For the foregoing reasons, Defendant's Motion [Doc. # 17] to Stay is GRANTED and no further action will be taken in this case pending determination by the WDNY of the applicability of the first-filed rule or the existence of exceptions.

IT IS SO ORDERED.

                                    /s/
                        _____
                        Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26 day of April 2016.