# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

THIS, LLC,

Plaintiffs,

v.

JACCARD CORPORATION,

Defendant.

Civil Action No.
3:15-cv-1606

**JURY TRIAL
DEMANDED**

## JACCARD CORPORATION'S ANSWER AND COUNTERCLAIMS

Defendant Jaccard Corporation ("Jaccard") by its attorneys, answers the Complaint of Plaintiff This, LLC ("Plaintiff") as follows:

1.      Paragraph 1 is a characterization of the lawsuit and thus does not contain factual allegations to which an answer is required.  To the extent an answer is required, Defendant denies any allegations in Paragraph 1.

2.      Paragraph 2 constitutes a legal conclusion to which no response is required; to the extent that this paragraph is found to include allegations of fact, Defendant admits that this Court has subject matter jurisdiction over this action. Defendant denies any remaining allegations in Paragraph 2.

3.      Paragraph 3 constitutes a legal conclusion to which no response is required; to the extent that this paragraph is found to include allegations of fact, Defendant admits that this Court has supplemental jurisdiction over the state law claims asserted in the complaint.  Defendant denies any remaining allegations in Paragraph 3.

4.   Paragraph 4 constitutes a legal conclusion to which no response is required; to the extent that this paragraph is found to include allegations of fact, Defendant denies that this Court has personal jurisdiction over this action.

5.   Paragraph 5 constitutes a legal conclusion to which no response is required; to the extent that this paragraph is found to include allegations of fact, Defendant denies that venue is proper in this Court.

6.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and as such denies.

7.   Defendant admits that Jaccard Corporation is a corporation organized and existing under the laws of the State of New York, has a place of business located at 70 Commerce Drive, Rochester, New York 14623, and regularly transacts and conducts business over the Internet through at least one website located on the World Wide Web at the URL www.jaccard.com.  Defendant denies any remaining allegations in Paragraph 7.

8.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and as such denies.

9.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and as such denies.

10.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and as such denies.

11.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and as such denies.

12.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and as such denies.

2

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and as such denies.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and as such denies.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and as such denies.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and as such denies.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and as such denies.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and as such denies.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and as such denies.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and as such denies.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and as such denies.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and as such denies.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and as such denies.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and as such denies.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and as such denies.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and as such denies.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and as such denies.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and as such denies.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and as such denies.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and as such denies.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and as such denies.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and as such denies.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and as such denies.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and as such denies.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and as such denies.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and as such denies.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and as such denies.  To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

38.     Defendant denies the allegations in Paragraph 38.

39.     Defendant denies the allegations in Paragraph 39.  To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

40.     Defendant denies the allegations in Paragraph 40.  To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

41.     Defendant denies the allegations in Paragraph 41.  To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

42.     Defendant denies the allegations in Paragraph 42.   To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

43.     Defendant admits that on May 5, and 19, 2015, Defendant filed applications with the USPTO to register the terms "GLOSTIX" and "FIRESTIX", respectively, and that the description of goods for each application is "Cooking skewers." Defendant denies any remaining allegations in Paragraph 43.

44.     Defendant admits that its pending FIRESTIX trademark application was filed on the basis of an intent to use.   Defendant denies and remaining allegations in Paragraph 44.

45.     Defendant denies the allegations in Paragraph 45.   To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

46.     Defendant denies the allegations in Paragraph 46.   To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

47.     Defendant denies the allegations in Paragraph 47. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies. .

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and as such denies.

50.     Defendant denies the allegations in Paragraph 49.   To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

51.     Defendant admits that it received a cease and desist letter from Plaintiff's counsel that is dated April 23, 2015.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 and as such denies.   To the extent Paragraph 51 references a document, Defendant refers the Court to the document for its legal meaning and effect.   To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and as such denies.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and as such denies.

54.     Defendant admits on April 27, 2015 it filed a complaint seeking, *inter alia*, a judgment of non-infringement in the District Court of the Western District of New York.   Defendant denies any remaining allegations in Paragraph 54.   To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

55.     Defendant admits that the declaratory judgment complaint does not reference Fox Run.  Defendant denies any remaining allegations in Paragraph 55.

56.     To the extent Paragraph 56 references a document, Defendant refers the Court to the document for its legal meaning and effect.  Defendant denies any remaining allegations in Paragraph 56.

57.     As informed by prior counsel for Defendant, with regard to the first sentence of Paragraph 57, Defendant admits that while the potential for settlement (without specifics) may have been briefly discussed in a telephone call between GTLS and BSK on April 29, 2015, it was not the primary focus of the call.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 57 and as such denies. To the extent Paragraph 57 references a document, Defendant refers the Court to the document for its legal meaning and effect.  Defendant denies any remaining allegations in Paragraph 57.

58.     To the extent Paragraph 58 references a document, Defendant refers the Court to the document for its legal meaning and effect.  Defendant denies any remaining allegations in Paragraph 58.

59.     To the extent Paragraph 59 references a document, Defendant refers the Court to the document for its legal meaning and effect.  Defendant denies any remaining allegations in Paragraph 59.

60.     To the extent Paragraph 60 references a document, Defendant refers the Court to the document for its legal meaning and effect.  Defendant denies any remaining allegations in Paragraph 60.

61.     Defendant admits the allegations in the first sentence of Paragraph 61.  To the extent Paragraph 61 references a document, Defendant refers the Court to the document for its legal meaning and effect.  Defendant denies any remaining allegations in Paragraph 61.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant denies the allegations in Paragraph 63. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

64.     Defendant denies the allegations in Paragraph 64. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant denies the allegations in Paragraph 66.

67.     Defendant denies the allegations in Paragraph 67. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 68 and as such denies. Defendant denies the allegations of the second sentence of Paragraph 68.  To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.  Defendant denies any remaining allegations in Paragraph 68.

69.     Paragraph 69 purports to incorporate by reference various allegations to which Defendant responds in the same manner as set forth above as if fully repeated herein.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and as such denies.

71.     Defendant denies the allegations in Paragraph 71. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

72.     Defendant denies the allegations in Paragraph 72. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

73.     Defendant denies the allegations in Paragraph 73. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

74.     Defendant denies the allegations in Paragraph 74. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

75.     Defendant denies the allegations in Paragraph 75. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

76.     Defendant denies the allegations in Paragraph 76. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

77.     Paragraph 77 purports to incorporate by reference various allegations to which Defendant responds in the same manner as set forth above as if fully repeated herein.

78.     Defendant denies the allegations in Paragraph 78.

79.     Defendant denies the allegations in Paragraph 79.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and as such denies.

81.     Defendant denies the allegations in Paragraph 81.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and as such denies.

83.     Defendant denies the allegations in Paragraph 83. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

84.     Defendant denies the allegations in Paragraph 84. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

85.     Defendant denies the allegations in Paragraph 85. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

86.     Defendant denies the allegations in Paragraph 86. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

87.     Paragraph 87 purports to incorporate by reference various allegations to which Defendant responds in the same manner as set forth above as if fully repeated herein.

88.     Defendant denies the allegations in Paragraph 88. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

89.     Defendant denies the allegations in Paragraph 89. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

90.     Defendant denies the allegations in Paragraph 90. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

91.     Defendant denies the allegations in Paragraph 91. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

92.     Defendant denies the allegations in Paragraph 92. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

93.     Paragraph 93 purports to incorporate by reference various allegations to which Defendant responds in the same manner as set forth above as if fully repeated herein.

94.     Defendant denies the allegations in Paragraph 94.

95.     Defendant denies the allegations in Paragraph 95. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

96.     Defendant denies the allegations in Paragraph 96. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

97.     Defendant denies the allegations in Paragraph 97. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

98.     Defendant denies the allegations in Paragraph 98. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

99.     Defendant denies the allegations in Paragraph 99. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

100.    Paragraph 100 purports to incorporate by reference various allegations to which Defendant responds in the same manner as set forth above as if fully repeated herein.

101.    Defendant denies the allegations in Paragraph 101. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

102.   Defendant denies the allegations in Paragraph 102. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

103.   Defendant denies the allegations in Paragraph 103. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

104.   Paragraph 104 purports to incorporate by reference various allegations to which Defendant responds in the same manner as set forth above as if fully repeated herein.

105.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and as such denies.

106.   Defendant denies the allegations in Paragraph 106. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

107.   Defendant denies the allegations in Paragraph 107. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

108.    Defendant denies the allegations in Paragraph 108. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

109.    Defendant denies the allegations in Paragraph 109. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

110.    Count Seven of the Complaint has been voluntarily dismissed by Plaintiff and as such no response to Paragraph 110 is required.

111.    Count Seven of the Complaint has been voluntarily dismissed by Plaintiff and as such no response to Paragraph 111 is required.

112.    Count Seven of the Complaint has been voluntarily dismissed by Plaintiff and as such no response to Paragraph 112 is required.

113.    Count Seven of the Complaint has been voluntarily dismissed by Plaintiff and as such no response to Paragraph 113 is required.

114.    Paragraph 114 purports to incorporate by reference various allegations to which Defendant responds in the same manner as set forth above as if fully repeated herein.

115.    Defendant denies the allegations in Paragraph 115. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

116.   Defendant denies the allegations in Paragraph 116. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

117.   Defendant denies the allegations in Paragraph 117. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

118.   Paragraph 118 purports to incorporate by reference various allegations to which Defendant responds in the same manner as set forth above as if fully repeated herein.

119.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 and as such denies.

120.   Defendant denies the allegations in Paragraph 120. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

121.   Defendant denies the allegations in Paragraph 121. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

122.   Defendant denies the allegations in Paragraph 122. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

123.    Defendant denies the allegations in Paragraph 123. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

124.    Defendant denies the allegations in Paragraph 124. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

125.    Paragraph 125 purports to incorporate by reference various allegations to which Defendant responds in the same manner as set forth above as if fully repeated herein.

126.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 126 and as such denies. Defendant denies any remaining allegations in Paragraph 126. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

127.    Defendant denies the allegations in Paragraph 127. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

128.    Defendant denies the allegations in Paragraph 128. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

129.    Defendant denies the allegations in Paragraph 129. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

130.    Defendant denies the allegations in Paragraph 130. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

131.    Defendant denies the allegations in Paragraph 131. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

132.    Paragraph 132 purports to incorporate by reference various allegations to which Defendant responds in the same manner as set forth above as if fully repeated herein.

133.    Defendant denies the allegations in Paragraph 133. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

134.    Defendant denies the allegations in Paragraph 134. To the extent the Paragraph refers to a defendant other than Jaccard Corporation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and as such denies.

The "WHEREFORE" section of the Complaint requires no response.  To the extent any response is required, Defendant denies that Plaintiff is entitled to the relief sought and denies any allegations in the "WHEREFORE" section of the Complaint. Defendant denies all allegations in the Complaint not specifically addressed above in Paragraphs 1–134 of this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

With regard to each of the defenses discussed below, Defendant repeats and realleges the allegations made above.

### FIRST DEFENSE

1.    Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2.    Plaintiff's claims are time-barred by the applicable statute of limitations.

### THIRD DEFENSE

3.    Plaintiff's common law claims are preempted.

### FOURTH DEFENSE

4.    Plaintiff's claims are barred via the doctrine of laches, estoppel, waiver, and/or acquiescence.

### FIFTH DEFENSE

5.    Plaintiff's claims are barred due to lack of standing.

**SIXTH DEFENSE**

6.     Defendant has not infringed or counterfeited any of Plaintiff's asserted trademarks.

7.     Defendant has not infringed or counterfeited any of Plaintiff's asserted copyrights.

8.     The Complaint does not specifically provide a copy of the copyright deposit materials associated with the alleged copyright registration asserted by Plaintiff.

9.     Defendant has not infringed or counterfeited any of Plaintiff's asserted trade dress.

10.    Defendant has not unfairly competed with Plaintiff or falsely designated the origin of its products.

**SEVENTH DEFENSE**

11.    Plaintiff failed to mitigate damages, if any.

**EIGHTH DEFENSE**

12.    Plaintiff's asserted trademarks are invalid.

13.    Plaintiff's asserted trademarks are descriptive.

14.    Plaintiff's asserted trademarks are generic.

15.    Plaintiff's asserted trademarks are of weak strength.

16.    Plaintiff's asserted trademarks lack secondary meaning.

**NINTH DEFENSE**

17.    Plaintiff's asserted trade dress is functional.

18.    Plaintiff's asserted trade dress is not distinctive.

19.    Plaintiff's asserted trade dress has not acquired secondary meaning.

**TENTH DEFENSE**

20.     Defendant's use of its marks constitutes fair use.

**ELEVENTH DEFENSE**

21.     Defendant's use of its marks does not constitute willful infringement.

22.     Upon information and belief, there has been no actual confusion between Plaintiff's and Defendant's products.

23.     Plaintiff's case against Defendant is not exceptional.

24.     Plaintiff is not entitled to an award of its attorneys' fees.

**TWELFTH DEFENSE**

25.     Plaintiff's asserted trademarks are not famous.

**THIRTEENTH DEFENSE**

26.     Intangible property such as copyright, trademark, and trade dress cannot form the basis of a conversion claim.

**FOURTEENTH DEFENSE**

27.     Plaintiff's claims are barred by the doctrine of copyright misuse.

**FIFTEENTH DEFENSE**

28.     Upon information and belief, Plaintiff, via its current counsel, filed two copyright applications dated May 30, 2008 for a work entitled SMORPAK and a work entitled SMORSTIX.

29.     Upon information and belief, on September 23, 2008, the U.S. Copyright Office sent a communication to Plaintiff's counsel informing him of the need to send a new deposit for SMORSTIX work because the original had been damaged, and required that the new deposit be submitted within sixty days of the communication.

30.    Upon information and belief, neither Plaintiff nor Plaintiff's counsel submitted a new deposit within the aforementioned sixty days.

31.    Upon information and belief, on February 11, 2011, the U.S. Copyright Office's file relating to the SMORSTIX work was closed and abandoned.

32.    Upon information and belief, in or about October 2015, Plaintiff's counsel attempted to reopen file seeking registration of the SMORSTIX work.

33.    Upon information and belief, the request to reopen the file for the SMORSTIX work was not made until nearly seven years after the original deadline for responding to the U.S. Copyright Office's September 23, 2008 letter.

34.    Upon information and belief, Plaintiff's counsel's office argued that the file for the SMORSTIX work should be reopened because the Plaintiff's counsel did not receive the U.S. Copyright Office's September 23, 2008 letter because Plaintiff's counsel had left the law firm listed on the application before that date or the date of the abandonment of the application.

35.    Upon information and belief, Plaintiff's counsel had not left his prior law firm by September 23, 2008, and in fact did not separate from that firm until April 11, 2011.

36.    Upon information and belief, Plaintiff's counsel was still with his prior law firm both on September 23, 2008 when the U.S. Copyright Office sent the communication requiring new deposit materials and on February 11, 2011 when the U.S. Copyright Office closed and abandoned the SMORSTIX file.

37.    Upon information and belief, Plaintiff's counsel and/or his office made false representations to the U.S. Copyright Office.

38.     Upon information and belief, Plaintiff's counsel and/or his office made false representations to the U.S. Copyright Office in order to revive the application for the SMORSTIX work.

39.     In the Complaint, Plaintiff alleges that Defendant used the names "S'MORESFIRESTIX" and "S'MORESGLOSTIX," including, for example, in Paragraph 39(b).

40.     Defendant has not used the names "S'MORESFIRESTIX" and "S'MORESGLOSTIX" without a space after the word S'MORES, instead used the trademarks "FIRESTIX" and "GLOSTIX" with the generic word S'MORES before each in a differentiated graphic treatment, color and font and with a space after the word "S'MORES."

41.     Upon information and belief, Plaintiff intentionally misrepresented Defendant's products by omitting the space between "S'MORES" and "FIRESTIX" and "S'MORES" and "GLOSTIX" in order to bolster its infringement claims.

42.     Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTEENTH DEFENSE**

43.     The copyrights asserted by Plaintiff are invalid and/or unenforceable.

**COUNTERCLAIMS**

Jaccard Corporation ("Defendant"), by its attorneys, alleges counterclaims against Plaintiff as follows:

1.     Defendant repeats and realleges the answers and defenses stated above as if fully set forth herein.

24

2.      Defendant is a New York corporation having a place of business located at 70 Commerce Drive, Rochester, New York 14623.

3.      Upon information and belief, Plaintiff This, LLC ("Plaintiff") is a Connecticut limited liability company having a principal place of business at 19 Timber Ridge Road, Madison, Connecticut.

4.      This declaratory judgment action arises under, *inter alia*, the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq.,* the Lanham Act, 15 U.S.C. §1125 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1338, 2201, and 2202.

6.      This Court has personal jurisdiction over Plaintiff due to the commencement of the above-captioned action in this Court, because, upon information and belief, Plaintiff resides in this District, and because Plaintiff, upon information and belief, by or through its employees, regularly transacts, solicits and engages in business in this District; contracts to supply goods in this jurisdiction; advertises and markets goods in this District; derives substantial revenue from sales in this District; and/or knows or expects its actions to have consequences in this District, and derives substantial revenue from interstate or international commerce; such that the maintenance of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

8.     As a result of the charges of infringement asserted by Plaintiff against Defendant, an actual controversy exists between Plaintiff and Defendant with respect to the non-infringement of Plaintiff's alleged trademark rights.

## FACTUAL BACKGROUND

9.     S'mores — a popular snack that has been around for many decades — consists of melted marshmallows and chocolate sandwiched between two graham crackers. To make s'mores, marshmallows are typically roasted over an open fire, such as a campfire, using a stick.

10.     Upon information and belief, the first s'mores recipe appeared in about 1927, in the Girl Scouts handbook "Tramping and Trailing With the Girl Scouts."

11.     The word "s'mores" is a generic term that is listed in many general dictionaries.

12.     In approximately March 2015, Jaccard began marketing and offering for sale two products called FIRESTIX and GLOSTIX with the generic word S'MORES before each in a differentiated graphic treatment, color and font, which are reusable roasting sticks for marshmallows and hotdogs, etc. The GLOSTIX product has a glow-in-the-dark handle, while the FIRESTIX PRODUCT has no specific handle.

13.     The dominant and distinctive portions of these product names are FIRESTIX and GLOSTIX. The generic word "S'mores" also appears before the dominant marks FIRESTIX and GLOSTIX in a differentiated graphic treatment, color and font.

14.     Jaccard is identified as the source of the products on the labels for FIRESTIX and GLOSTIX products.

15.     Upon information and belief, on April 17, 2015, counsel for Plaintiff called Defendant and falsely identified himself as the husband of a woman that owned a store that wished to sell the accused products and asked to order the "S'mores GloStix" product.

16.     Upon information and belief, counsel for Plaintiff called Defendant on a prior occasion, also again falsely identifying himself.

17.     Upon information and belief, Plaintiff's counsel falsely identified himself in an attempt to manufacture a claim for personal jurisdiction over Defendant in this District.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARKS, TRADE DRESS, AND NO UNFAIR COMPETITION

18.     Defendant repeats and incorporates the allegations contained in paragraphs 1-17.

19.     Defendant is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark or trade dress owned by Plaintiff, whether under federal or common law.

20.     Defendant is entitled to declaratory judgment that it has not engaged in unfair competition under federal law, including 15 U.S.C. § 1125 *et seq.* or under common law, either directly or indirectly.

**SECOND COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT**

21.     Defendant repeats and incorporates the allegations contained in paragraphs 1-20.

22.     Defendant is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable copyright owned by Plaintiff.

23.     The only registered copyright asserted by Plaintiff is Registration No. VA-0001687117.

24.     Pursuant to 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Thus, the only basis for Plaintiff's copyright claim is the Registration No. VA-0001687117.

25.     Upon information and belief, Registration No. VA-0001687117 covers only the following design:



26.     The packaging of the products sold by Defendant accused in the Complaint does not use the word SMORPAK.

27.     The packaging of the products sold by Defendant accused in the Complaint does not include a cartoon representation of an assembled s'more.

28.     The packaging of the products sold by Defendant accused in the Complaint does not use the phrase "Everything but the Campfire."

29.     The packaging of the products sold by Defendant accused in the Complaint does not use the phrase "Includes: Marshmallows Graham Crackers Chocolate."

30.     None of Defendant's products accused by Plaintiff in the complaint includes marshmallows, graham crackers, or chocolate.

31.     None of Defendant's products accused by Plaintiff in the Complaint infringes the copyright protected by Registration No. VA-0001687117.

32.     The Complaint states: "The TLLC Copyright has been registered with the United States Copyright Office ("USCO") and designated copyright Registration No. VA-0001687117 . . . ." This is incorrect because the term "TLLC Copyright" is defined in the Complaint to include the "all TLLC Products and their associated Packaging and Display."

33.     Registration No. VA-0001687117 does not cover the designs associated with all the TLLC products and their associated packaging and display.

34.     Plaintiff is not entitled to statutory damages or an award of attorneys' fees pursuant 42 U.S.C. § 412.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF COPYRIGHT MISUSE

35.     Defendant repeats and incorporates the allegations contained in paragraphs 1 through 34 of Defendant's Counterclaims and paragraphs 29 through 43 of Defendant's Affirmative Defenses.

36.     The only registered copyright asserted by Plaintiff is Registration No. VA-0001687117.

37.     Registration No. VA-0001687117 only covers the design depicted above in Paragraph 25 of the Counterclaims.

38.     Regardless, Plaintiff accuses Defendant of infringing the TLLC Copyright, which is defined in the Complaint as all TLLC Products and their associated Packaging and Display.

39.     Plaintiff thus has impermissibly extended the scope of its asserted copyright registration.

40.     This constitutes copyright misuse and bars Plaintiff from recovering for alleged copyright infringement.

41.     Defendant is entitled to declaratory judgment that Plaintiff has engaged in copyright misuse.

**DEMAND IS MADE FOR A JURY TRIAL OF ALL
CLAIMS AND DEFENSES SO TRIABLE.**

WHEREFORE, Defendant requests that this Court:

A.     Dismiss the Complaint in this action.

B.     Enter judgment in favor of Defendant and against Plaintiff for all relief sought in the Complaint.

C.     Enter declaratory judgment in favor of Defendant.

D.     Enjoin Plaintiff, its officers, agents, servants, affiliates, employees, attorneys, and representatives and all those in privity or acting in concert with Plaintiff be preliminarily and permanently enjoined from directly or indirectly asserting trademark infringement or threatening trademark infringement litigation against Defendant or any of

31

its affiliates or customers, for the manufacture, marketing or sale of Defendant's s'mores-related products.

      E.    Find that this is an exceptional case pursuant to 15 U.S.C. § 1117 and award Defendant its reasonable attorneys' fees based on, *inter alia*, Plaintiff's misrepresentations with regard to Defendant's trademarks, Plaintiff's counsel's fraudulent calls to Defendant seeking sample products, and Plaintiff's unclean hands.

      F.    Award Defendant its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505 as the prevailing party based on, *inter alia*, Plaintiff's unclean hands and fraudulent statements to the U.S. Copyright Office.

      G.    Award Defendant its costs, attorneys' fees, and interest.

      H.    Grant such other and further relief to Defendant as the Court deems just and proper.

Date:   September 15, 2016           */s/ Elizabeth A. Alquist*
         Hartford, Connecticut          Elizabeth A. Alquist (ct15643)
                                  DAY PITNEY LLP
                                  242 Trumbull Street
                                  Hartford, CT  06103
                                  Telephone: (860) 275-0137
                                  Fax: (860) 881-2456
                                  E-mail: eaalquist@daypitney.com

                                  James R. Muldoon (pro hac vice pending)
                                  Brendan M. Palfreyman (pro hac vice pending)
                                  HARRIS BEACH PLLC
                                  333 W. Washington St., Suite 200
                                  Syracuse, NY 13202
                                  Telephone: (315) 423-7100
                                  Fax: (315) 422-9331
                                  E-mail: jmuldoon@HarrisBeach.com
                                          bpalfreyman@HarrisBeach.com

                                  *Attorneys for Defendant Jaccard Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2016, the foregoing Defendant Jaccard Corporation's Answer and Counterclaims was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Elizabeth A. Alquist*
Elizabeth A. Alquist