UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THIS, LLC,<br>    *Plaintiff*,<br><br>    *v.*<br><br>Jaccard Corporation,<br>    *Defendant*. | Civil No. 3:15cv1606 (JBA) |

**RULING ON DEFENDANT'S MOTION TO PRECLUDE EXPERT**

In this trademark infringement case involving competing products for roasting marshmallows, Defendant Jaccard Corporation ("Jaccard" or "Defendant") moves [Doc. # 113] to preclude the testimony of Plaintiff's expert, Dr. Stan T. Smith, on the grounds that Plaintiff This LLC ("Plaintiff" or "TLLC") untimely disclosed its expert, serving his expert report more than five weeks after the deadline for expert disclosure set in the Scheduling Order [Doc. # 63] and reiterated in the Ruling on Plaintiff's Motion for Modification of the Scheduling Order [Doc. # 105].

I.    Background

On August 30, 2016, the Court held a scheduling conference during which it emphasized that the stipulated preliminary injunction entered in this case on August 16, 2016 [Doc. # 52] necessitated strict adherence to a tight schedule, given its impact on Defendant's business. At that conference, the Court set a discovery schedule which included: Plaintiff's damages analysis

was to be served by October 17, 2016, Plaintiff's expert report was to be served by November 14, 2016, and Defendant's rebuttal expert report was to be served by December 20, 2016. *See* Scheduling Order [Doc. # 63].

On October 17, 2016, the day Plaintiff was to serve its damages analysis, Plaintiff instead moved [Doc. # 84] for a modification of the scheduling order to extend all deadlines by eight weeks, arguing that it had not had sufficient time to engage a damages expert or to conduct sufficient discovery concerning damages, at least some of which the briefing on this motion discloses had only been propounded one week earlier.

While Plaintiff's motion to extend discovery was pending, Plaintiff's expert disclosure date came and went without any disclosure and Plaintiff remained silent as to its plans, intentions or undertakings as to any expert, thereby bearing the risk of preclusion if its motion to extend discovery was denied. Plaintiff claimed no lack of clarity as to August Scheduling Order's requirements.

On November 30, 2016, the Court denied [Doc. # 105] Plaintiff's request for an extension of all deadlines in the Scheduling Order, which had been in place since August 31, because Plaintiff failed to show good cause for the requested extension. (Ruling on Mot. for Extension of Time [Doc. # 105] at 8). The Court granted an extension for Plaintiff's damages analyses to be filed by December 5, 2016, which Plaintiff complied with by way of a letter "Re: Preliminary Damages Analyses—This LLC v. Jaccard Corporation and Fox Run USA, LLC" from Dr. Stan V. Smith,

whose subsequent December 21, 2016 "Expert Report on Damages on behalf of Plaintiff" is the subject of Defendant's Motion to Preclude. (Smith Declaration, Ex. A to Pl.'s Opp'n [Doc. # 115-1].)

December 20, 2016 was the deadline for Defendant to disclose its rebuttal experts and, absent any expert disclosure from Plaintiff before that date, Defendant did not disclose any rebuttal experts or serve any rebuttal report.

On December 21, 2016, five weeks after the deadline set in the scheduling order, three weeks after entry of the Court's Ruling denying Plaintiff's request for modification of the scheduling order, and one day after Defendant's expert disclosures deadline passed, and with only 26 days before discovery closed, Plaintiff served the damages expert report of Dr. Smith, whom Plaintiff had not retained until after its expert disclosure deadline had passed. The Smith Report sets forth an assessment of the damages suffered by TLLC under the assumptions that TLLC's copyright and trademarks are valid and that Defendant's products infringe on TLLC's copyright and trademarks. *See* Smith Report, Ex. B to Mem Supp. Mot. to Preclude [Doc. # 113-4] at 1-2.

Two days after its receipt of the Smith Report, Defendant filed the instant motion to preclude, requesting that Plaintiff be precluded from relying on the Smith Report or any testimony by Dr. Smith in any motion or at trial because of Plaintiff's untimely disclosures and seeking attorneys' fees incurred in connection with the motion to preclude. Plaintiff's polemic in opposition represents, among other things, that it was not aware it would need a damages expert

witness and report until after it received 5000 pages of documents from Defendant on November 16, 2016 and that it engaged its expert the next day.  The documents referenced were apparently Defendant's response to Plaintiff's delayed damages discovery which it acknowledges was a "tactical error" based on "optimistic expectation" that Defendant would continue with settlement negotiations and that the Court would grant its last minute motion for schedule modification.

II.   Discussion

Fed. R. Civ. P. 26(a)(2)(D) requires that a party "make [expert] disclosures at the times and in the sequences that the court orders." Fed. R. Civ. P. 37(c)(1) mandates that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless."  Although the Advisory Committee Notes characterize this provision as "self-executing," which would require exclusion of Plaintiff's expert witness absent substantial justification for the disclosure failure, *see Semi-Tech Litig. LLC v. Bankers Trust Co.*, 219 F.R.D. 324, 325 (S.D.N.Y. 2004); *see also Dichiara v. Wright et al.*, No. 06-cv-6123(KAM)(LB), 2009 WL 1910972 (E.D.N.Y. 2009), the Second Circuit has read greater latitude in the rule's language permitting sanctions short of preclusion.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir.2006). Even absent evidence of substantial justification or harmlessness, "the court does have discretion to impose other, less drastic, sanctions." *Pal v. New*

*York Univ.*, No. 06 Civ. 5892, 2008 WL 2627614, at *3 (S.D.N.Y. June 30, 2008) (quoting *Design Strategy*, 469 F. 3d at 298).

In assessing whether to preclude an expert's testimony or report, the Court considers the following factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. See *Softel, Inc. v. Dragon Med. & Sci. Commc'ns. Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).

With respect to these factors, the record here shows neither substantial justification nor harmlessness. However, the importance of Dr. Smith's testimony is undoubtedly substantial, even if not essential. On the other hand, Defendant is greatly prejudiced by having retained no rebuttal experts. If its motion is denied, however, and Defendant is given additional time to disclose, it will suffer only the prejudice of delay and disruption compared to its undertakings to prepare and present its rebuttal evidence had Plaintiff timely complied with the schedule. The prejudice to Defendant of delay arises from prolonging the impact of the preliminary injunction restrictions on its business activities. As to the fourth factor, a brief trial continuance is practicable.

Trial ready dates were set for April 1, 2017 (if no dispositive motion) or June 1, 2017 (if summary judgment motion is filed), and summary judgment motions are currently due February 15, 2017.

Balancing the *Softel* factors, the Court concludes that the importance of Smith's testimony and the feasibility of granting Defendant a discovery extension to produce a rebuttal expert weigh in favor of denying Defendant's Motion, under the following conditions:

1. The discovery deadline is extended 30 days to February 15, 2017 only for the purpose of Defendant's disclosure of a rebuttal expert;

2. To minimize the length of extension caused by Plaintiff's delays and to permit Defendant to efficiently utilize this extension, Defendant may take Dr. Smith's deposition at a location of its choosing and Plaintiff will be required to bear the costs of Dr. Smith's travel time and expense to and from such location;

3. Similarly, if Defendant discloses a rebuttal expert, his or her deposition, if taken by Plaintiff, must be completed within 7 days of service of the Defendant's expert report, i.e. no later than February 22, 2017, and no deposition of Defendant's expert may take place after that date;

4. No expansion of the scope of Dr. Smith's opinions beyond those in his report will be permitted;

5. Any dispositive motions will be filed by March 17, 2017, after a pre-filing conference. If none is filed, the April 1, 2017 trial ready date remains in

place and the parties' Joint Trial Memorandum will be filed by March 17, 2017; and,

6. A telephonic status conference will be held February 27, 2017 at 10:00 a.m., which may also be used for the purpose of a pre-filing conference if a summary judgment motion is planned. Defense counsel shall initiate the conference call to chambers: 203-773-2737. Status reports shall be filed by February 21, 2017.

III.     Conclusion

For the reasons stated above, Defendant's Motion to Preclude and For Attorney's Fees [Doc. # 113] is DENIED.

IT IS SO ORDERED.

/s/ Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut:   January 11, 2017